ZEMAN et al. v. S. FOX CONST. CO. et al.

(Supreme Court, Appellate Term. April 8, 1911.)

CONTRACTS (§ 28*)—BUILDING CONTRACTS—EVIDENCE—SUFFICIENCY.

Evidence *held* insufficient to show a contract for materials and labor, or that they were furnished in conformity to, or performance of, certain contracts.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 133–140; Dec. Dig. § 28.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by August Zeman and others, partners as the Yorkville Marble Company, against the S. Fox Construction Company and others. Judgment for plaintiffs, and defendant Eugene Glucksmann appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Herman Gottlieb, for appellant.

Myron Sulzberger, for respondents.

LEHMAN, J. In order to establish the cause of action as alleged in paragraphs 13 and 14 of the complaint, the plaintiffs are obliged to show that they had a contract with the defendant Glucksmann for materials and labor, and that the materials and labor were furnished in conformity with the terms of, and towards the performance or completion of, certain contracts between Glucksmann and the S. Fox Construction Company, and the S. Fox Construction Company and the city of New York, or as called for and required by the city of New York or the Armory Board.

The proof of the contract is technically insufficient. The plaintiffs' superintendent testifies that Glucksmann showed him certain work which he desired to have done under a subcontract with the S. Fox Construction Company, who are the general contractors for an armory building. He thereupon made an estimate to do this work for the sum of $95, and the estimate was accepted in writing. He does not introduce the estimate, nor give any evidence of its contents, nor is he clear as to exactly the work pointed out to him; but he is sure that he did all the work which was pointed out to him, and did it "properly." Pressed on cross-examination to describe the work, he stated: "It looked all right for the way we agreed to do it," and it was done in a workmanlike manner. When he was asked to describe how the work was done, the court interrupted, and stated: "He has described it well enough for me."

Conceding, without deciding, that the trial justice had a right to hold that the plaintiff had made a prima facie case, nevertheless, when the inspector for the Armory Board, the architect, and the superintendent of the S. Fox Construction Company testified that in specific details this work was improperly done, and not in conformity with the specifications, a judgment for the plaintiffs was improper, in the absence of any testimony to meet the specific objections.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.